# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEMARCO ARMSTEAD,

    Plaintiff,

    v.

BALDWIN, et al.,

    Defendants.

Civil Action 2:19-cv-4857
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, who is proceeding *pro se*, and is currently being detained at Franklin County Correctional Center, has brought this suit against 22 Defendants. Plaintiff has filed the following 11 Motions: Motion for Leave to Proceed *in forma pauperis* (Docs. 1, 17); Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 4); Emergency Ex-Parte Motion for Restraining Order (Doc. 6); Motion for Protective Order (Doc. 5); Motion for Fictious Name Status as Plaintiff and Sealed Record (Doc. 9); Motion to Appoint Counsel (Doc. 7); Motion for Oral Argument and Memorandum (Doc. 8); Motion for Consideration and Memorandum (Doc. 10); Motion Requesting Service by U.S. Marshal (Doc. 11); and Motion to Correct the Names of Defendants (Doc. 19).

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. But, as explained below, Plaintiff is **DIRECTED** to file a supplemental complaint that complies with Rule 8 of the Federal Rules of Civil Procedure by December 9, 2019.

With regard to Plaintiff's motions for injunctive relief, it is **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 4) be **DENIED without prejudice**. As for Plaintiff's Emergency Ex Parte Motion for Restraining Order (Doc. 6),

1

Defendants must have an opportunity to respond before the Undersigned can adjudicate this matter. Accordingly, the Clerk is **DIRECTED** to send Defendants a copy of this Report and Recommendation and Order as well as Plaintiff's Emergency Ex Parte Motion for Restraining Order (Doc. 6). Defendants shall respond to the Motion (Doc.6) by December 9, 2019.

Further, Plaintiff's Motion for Protective Order (Doc. 5), Motion for Fictious Name Status (Doc. 9), and Motion for Consideration (Doc. 10) are **DENIED**. Plaintiff's Motion to Appoint Counsel (Doc. 7) and Motion for Oral Argument (Doc. 8) are **DENIED without prejudice**.

Finally, Plaintiff's Motion Requesting Service by U.S. Marshal (Doc. 11) and Motion to Correct the Names of Defendants (Doc. 19) are **GRANTED**. The Clerk is **DIRECTED** to make the following docket revisions: Deputy Forgus shall be changed to "Deputy Fargus"; Deputy Fonsworth shall be changed to "Deputy Farnsworth"; Sgt. Shrader shall be changed to "Sgt. Shroder"; and Chaplin Chambers shall be changed to "Chaplain Chambers."

**I.      PLAINTIFF'S COMPLAINT AND MOTION FOR LEAVE TO PROCEED** *in forma pauperis* **(Docs. 1, 17)**

First, having performed the initial screen of the complaint required by 28 U.S.C. §§ 1915(e) and 1915(A), the Undersigned concludes that, at this juncture, this action may proceed.

Up front, however, the Undersigned must address two critical issues. First, Plaintiff asserts that this is both a civil rights and a habeas corpus case. (*See, e.g.*, Doc. 10 at 3 ("I am not certain how to make it clearer that this action is being taken under 42 U.S.C. 1983, 42 U.S.C. 1983 (3), 42 U.S.C., 2000 but also a habeas corpus petition justified by the excessive civil and constitutional right violations making my restraint and confinement unlawful.")). But Plaintiff has brought this action as a prisoner civil rights case. (*See* Doc. 1-22 (citing federal civil rights statutes and describing the case as an action for "civil rights, conditions of confinement and retaliation")). Accordingly, the Undersigned will consider only those claims. Consequently, Plaintiff's Motion

for Consideration (Doc. 10) asking the Court to consider his habeas claims in addition to his civil rights claims is **DENIED**. Plaintiff may attempt to pursue his claims for unlawful detention or imprisonment in a separate habeas action.

Second, the Court notes that Plaintiff's Complaint (Doc. 1-2) consists of 35 handwritten pages and is sometimes difficult to read. Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is so that the defendant has "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959 (2007) (quotation marks, citation, and alteration omitted). To ensure that Defendants have notice of the claims against them and to ensure the prompt and just resolution of this matter, Plaintiff is **DIRECTED** to file a supplemental complaint containing a short and plain statement of each claim and the relief sought against each Defendant. Plaintiff shall do so by December 9, 2019.

Turning to his request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), Plaintiff has provided sufficient documentation establishing that he qualifies to proceed *in forma pauperis* and his Motion is therefore **GRANTED**. (Docs., 1, 17). Accordingly, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is assessed the full amount of the Court's $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's affidavit, however, reveals that he currently possesses an insufficient amount to pay the full filing fee. The custodian of Plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20% of the greater of either

the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account for the six (6) months immediately preceding the filing of the complaint. If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the full fee of $350.00 has been paid. 28 U.S.C. § 1915(b)(2). If Plaintiff is transferred to another prison, the custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to:

Clerk, U.S. District Court

Checks are to be sent to:

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
Room 121
85 Marconi Blvd.
Columbus, OH 43215

The prisoner's name and case number must be noted on each remittance.

The United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

The Clerk of Court is also **DIRECTED** to mail a copy of this Order and the attached instructions, which are hereby incorporated herein, to the Plaintiff and the prison cashier's office.

The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.     MOTIONS FOR INJUNCTIVE RELIEF (Docs. 4, 6)

Plaintiff has filed two motions for injunctive relief—a Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 4) and an *Ex Parte* Motion for Restraining Order (Doc. 6).

"The standard for addressing a motion for a temporary restraining order is the same as the standard applied to a motion for a preliminary injunction." *Ferron v. Search Cactus, L.L.C.*, No. 2:06-CV-327, 2007 WL 2110497, at *1 (S.D. Ohio July 13, 2007) (citation omitted). Both are extraordinary measures, and the movant must meet a high burden to show that such a measure is justified. *See ACLU v. McCreary Cty.*, 354 F.3d 438, 444 (6th Cir. 2003); *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008). When considering a motion for a preliminary injunction or temporary restraining order, a district court must balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (citation and internal quotation marks omitted).

In his first Motion, Plaintiff requests that "a temporary restraining order be granted barring all listed defendants contact with [him]" and "causing [his] immediate release from this facility." (Doc. 4). He asserts that "[t]he ongoing violations of [his] human rights makes [him] very fearful for [his] safety and well being." (*Id*. at 1). Plaintiff's Complaint raises a myriad of constitutional violations, ranging from denial of medical care to unmet requests for a Halal diet, (Doc. 1-2), and the Undersigned cannot ascertain from his one-page Motion, which of these has caused him to "fear[] for [his] safety and well being," (Doc. 4 at 1). Consequently, Plaintiff has not met his

5

burden to show that the extraordinary relief he seeks is warranted. It is therefore **RECOMMENDED** that his Motion for a Preliminary Injunction (Doc. 4) be **DENIED without prejudice**.

Plaintiff has also filed an Emergency *Ex-Parte* Motion for a Restraining Order. (Doc. 6). In it, he alleges that he is being denied medical care, causing him to miss nearly 20 does of his mandatory life sustaining treatment regimen. (*Id*. at 1). These allegations are similar to those raised in his Complaint, and it is therefore unclear why Plaintiff filed this Motion *ex parte*. Regardless, Plaintiff's allegations concerning his medication regimen are not frivolous on their face, and to adjudicate this matter, Defendants must have an opportunity to respond to these claims. Accordingly, the Clerk is **DIRECTED** to send Defendants a copy of Plaintiff's Emergency Ex Parte Motion for a Restraining Order (Doc. 6), and Defendants are **DIRECTED** to respond to the Motion no later than December 9, 2019.

## III. PLAINTIFF'S OTHER MOTIONS

### A. Motion for Protective Order and Motion for Fictious Name Status (Docs. 5, 9)

Plaintiff has filed two motions related to his privacy concerns. (*See* Docs. 5, 9). First, in his Motion for a Protective Order, he states that he intends to file documents "discussing [his] protected health information and medical records and ask[s] that the information be kept from the public by seal on protective order of the court." (Doc. 5). But under this Court's Local Rule 5.2.1, "parties cannot file documents under seal without leave of Court." This means that Plaintiff must first seek leave before filing redacted or sealed documents. Accordingly, Plaintiff's request for a "blanket protective order" mandating the sealing of certain confidential information (Doc. 5) is **DENIED**.

Second, Plaintiff has filed a Motion for Fictious Name Status as Plaintiff and Sealed Record. (Doc. 9). While the Sixth Circuit permits plaintiffs to proceed anonymously under certain limited circumstances, Plaintiff's Motion does not set forth grounds supporting his request to proceed anonymously. Rather, he alleges that the jail's healthcare provider, NaphCare, "has a history of incompetence" and "caused many deaths of inmates by failing to maintain and order proper medication." (*Id.* at 2; *see also id.* (asserting that Naphcare failed to properly reattach a prison guard's limb)). He asks that "the federal government" visit the facility and interview the inmates regarding Naphcare's services. (*Id.* at 3). These allegations do not establish that Plaintiff should be permitted to proceed anonymously. *See, e.g.*, *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that courts have allowed plaintiffs to proceed anonymously where the issues implicate "matters of a sensitive and highly personal nature," such as birth control, abortion, sexual orientation, or the rights of children) (quotation marks and citation omitted).

While the Undersigned recognizes that Plaintiff's Complaint raises allegations potentially implicating his medical history, he has not shown why a request to seal or redact his records would not protect his privacy. *See, e.g.*, *Doe v. Carson*, No. 1:18-CV-1231, 2019 WL 1981886, at *2 (W.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, No. 1:18-CV-1231, 2019 WL 1978428 (W.D. Mich. May 3, 2019) ("While the Court is sympathetic to Plaintiff's desire to maintain a certain level of privacy vis-à-vis her medical impairments and/or treatment, Plaintiff can request that such records be submitted to the Court under seal[.]"). For these reasons, Plaintiff's Motion for Fictious Name Status as Plaintiff and Sealed Record (Doc. 9) is **DENIED**.

### B. Motion to Appoint Counsel and Motion for Oral Argument (Docs. 7, 8)

Next, Plaintiff has filed a Motion to Appoint Counsel (Doc. 7) and a Motion for Oral Argument (Doc. 8). In his one-paragraph Motion to Appoint Counsel, Plaintiff states that he is "indigent and not skill [sic] in law" and "require[s] assistance in litigating this cause of action." (Doc. 7). In his one-page Motion for Oral Argument, Plaintiff states that this matter "is of a very complex and sensitive nature" and that he has "been forced to handwrite the entire action[.]"

Because the action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim, it is premature to appoint counsel or grant oral argument. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."); *Stockman v. Berghuis*, No. 2:10-CV-14860, 2012 WL 137828, at *1 (E.D. Mich. Jan. 18, 2012) (denying prisoner's motion for oral argument without prejudice and finding that, if, after reviewing all pleadings and responsive filings, it would schedule oral argument if necessary). Accordingly, these Motions (Docs. 7, 8) are **DENIED without prejudice**.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 27, 2019          /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE