# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEMARCO ARMSTEAD,

      Plaintiff,

v.

      Civil Action 2:19-cv-4857
      Judge Sarah D. Morrison
      Magistrate Judge Kimberly A. Jolson

BALDWIN, et al.,

      Defendants.

## ORDER

On November 4, 2019, Plaintiff filed a Complaint alleging, *inter alia*, that he is being denied mandatory doses of life-sustaining medication. (Doc. 1-2). Plaintiff also filed an emergency *Ex Parte* Motion for Restraining Order. (Doc. 6). In it, he alleges that he is being denied medical care, causing him to miss nearly 20 doses of his mandatory life-sustaining treatment regimen. (*Id*. at 1). The Court, explaining that Defendants must have an opportunity to respond to these claims, directed the Clerk to send Defendants a copy of the Motion and directed Defendants to respond to the Motion by December 9, 2019. (Doc. 22 at 6).

Defendants filed a timely response, asserting that Plaintiff has failed to meet his burden for a restraining order. (Doc. 31). More specifically, Defendants state that, because Plaintiff's one-page Motion "fails to identify either the necessary medication or his specific medical condition," Plaintiff cannot show a strong likelihood of success on the merits." (*Id*. at 2).

To start, the Court notes that Plaintiff has attached over 100 exhibits, many of which concern his health. For example, he attaches:

> 18 pages front and back, prepared by Social Services Dept. of the Franklin County Corrections Center supporting the statements I've made concerning my life sustaining medication and the said effects of missed doses . . .

(Doc. 1-20). He then attaches dozens of pages from an online source regarding HIV treatment and adherence. (*See id*. at 2–36). Accordingly, the Court is not necessarily convinced by Defendants' argument that "it is not objectively possible to identify Plaintiff Armstead's prognosis because no one knows what his underlying condition or treatment is as of this date." (Doc. 31 at 3).

Further, Defendants do not specifically address Plaintiff's allegations regarding his treatment, but instead rely on legal doctrine to support their argument. The Court finds that, in order to comprehensively address the serious allegations in Plaintiff's Motion, Defendants must provide detailed responses to Plaintiff's allegations that he is being denied critical treatment. Accordingly, Defendants are **DIRECTED** to file a supplemental memorandum in support of their response to Plaintiff's Motion no later than December 16, 2019, addressing Plaintiff's factual allegations regarding his life-sustaining medication.

IT IS SO ORDERED.

Date: December 10, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE