# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEMARCO ARMSTEAD,

    Plaintiff,

v.

BALDWIN, et al.,

    Defendants.

Case No. 2:19-cv-4857

Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## FRANKLIN COUNTY DEFENDANTS' SECOND RESPONSE TO PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR RESTRAINING ORDER

On November 27, 2019, this Court issued a Report and Recommendation and Order informing the Franklin County Defendants of the filing of the instant case.[1] (Doc. #22.) In this Order, the Court instructed that these Defendants should be served with Plaintiff's Emergency Ex Parte Motion for Restraining Order (Doc. #6) and respond to the motion by December 9, 2019. Defendants filed their response timely. (Doc. #31.)

Thereafter, the Court issued an Order directing these Defendants to supplement their response to the Motion for Restraining Order. (Doc. #33.) The Court noted that Plaintiff previously filed numerous exhibits that, at least facially, supported his claims of unattended life-threatening medical conditions.

The County Defendants have now obtained access to said pleadings, as well as documents from Plaintiff's correctional center files. The County Defendants are filing contemporaneously

---

[1] Medical services at the Franklin County Correctional Centers are provided by Naphcare, a contracted third party. The Franklin County Sheriff's Office (FCSO) contract provides that Naphcare has an independent duty to represent its employees, and also to indemnify FCSO under the terms of the contract.

with this response a Motion to File Exhibits A and B under seal because these exhibits contain confidential treatment records. Although not responsible for the day-to-day medical treatment(s) dispensed to Plaintiff, the County Defendants now respond to Plaintiff's allegations.

I.     **Facts.**

In Plaintiff's motion, he claims that certain employees and the medical staff of Franklin County Correctional Center I are "providing inefficient and questionable medical services resulting in almost 20 missed doses of my mandatory life sustaining medication treatment regime…", as well as failing to respond to urgent and emergency symptoms and chronic ailments. (Doc. #6, PAGEID #278.) It is true that Plaintiff suffers from a significant health issue. The Court's December 10, 2019 Order references the quantity of information relating to the proper treatment of his illness provided by Plaintiff. The Order then instructs Defendants to respond to the allegations that Plaintiff is being denied life-sustaining treatment. (Doc. #33, PAGEID#683.)

Plaintiff's exhibits relating to his complaints to Naphcare are often difficult to read. (Doc. #23-3.) However, when possible to discern his complaints, it is clear that many of his complaints involve non-life-threatening conditions. Additionally, there are many instances when Plaintiff refused the proffered treatment for these conditions.

Attached as Exhibit A is a medication dispensing record of Plaintiff receiving a medication to treat his life-threatening illness[2]. A review of these records demonstrate that Plaintiff is currently, and always has been while in custody, generally receiving medication relating to his life-threatening illness. Although plaintiff claims that he was <u>refused</u> medication almost 20 times,

---
[2] The medical records are maintained by Naphcare. None of the named county defendants are directly responsible for Plaintiff's treatment, nor are the county defendants able to interpret either the Plaintiff's medical conditions or the course of any treatment he is currently receiving.

the documents appear to show, at most, an occasional omission to dispense medication since his March 2019 incarceration.

This documentation reveals an additional pattern of behavior. Exhibit A contains the entire record of the medication ordered and given for the identified illness. This record appears to demonstrate that Plaintiff failed to present himself to have the medication dispensed to him on six dates: August 2, 2019 (Ex. A-8), July 2, 2019 and June 29, 2019 (Ex. A-10), May 16, 2019 (Ex. A-14), April 9, 2019 (Ex. A-16), and April 8, 2019 (*Id.*). Plaintiff also appears to have refused to take his medication four times: July 19, 2019 (Ex. A-9), May 31, 2019 (Ex. A-13), May 6, 2019 (Ex. A-15), and March 16, 2019 (Ex. A-18). Plaintiff neglects to mention these dates in his request for a TRO.

Exhibit B is a record of the dispensing of all medication to Plaintiff during his current incarceration.[3] This Exhibit correlates the dispensing of the specific medication listed in Exhibit A, as well as all other treatments being dispensed (or the attempted dispensing) to Plaintiff.

II. **Legal Argument.**

As noted in the County Defendants' first response, a temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo or to prevent immediate and irreparable injury. *Ohio Right to Life Soc'y, Inc. v. Ohio Elections Comm'n,* U.S. Dist. LEXIS 103401, No. 2:08-cv-492, 2010 at * 14 (S.D. Ohio, Sept. 20, 2010). It is well-settled that there are four factors to be considered in determining whether a temporary restraining order is necessary: 1) whether the movement has a strong or substantial likelihood of success on the merits, 2) whether

---

[3] Plaintiff is currently awaiting sentencing in Franklin County Common Pleas Court Case No. 19CR-1437, having entered a guilty plea to Attempted Felonious Assault on December 10, 2019. See, Exhibit C. This exhibit is a public record and is attached.

the movement would suffer irreparable injury without the requested relief, 3) whether issuance of the injunction will cause substantial harm to others, and 4) whether the public interest would be served by the issuance of an injunction. *Chabad of S. Ohio and Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).

Initially, as noted above, the County Defendants are not directly responsible for Plaintiff's medical treatment. The Franklin County Sheriff's Office contracts that responsibility to Naphcare, an outside medical provider. However, in responding as directed by the Court, these Defendants point out that there is no ongoing failure to treat Plaintiff's life-threatening condition, or any of his medical complaints. Plaintiff is not at risk of immediate harm.

As noted in the County Defendants' previous motion, Plaintiff fails to establish the genuine emergency situation requiring the immediacy of a temporary restraining order. This twin failure demonstrates that it is unlikely that Plaintiff can satisfy the first factor of the moving party having a strong likelihood of success on the merits. In *Mason v. Ayres*, 2016 U.S. Dist. LEXIS 108316, Case No. 2:14-cv-410 (S.D. Ohio, August 16, 2016), the Plaintiff specifically identified a medical condition and set forth his opinion on the required treatment. However, in denying the requested relief, the court held that Mason provided no factual material in support of his motion that would allow the court to conclude that he established a likelihood of succeeding on his claim. *Id*. at * 11. The court stressed that Mason had to demonstrate more than a mere possibility of success. *Id*. at * 10, citing *Doe v. Ohio State Univ.*, 136 F.Supp.3d 854, 871 (S.D. Ohio 2016). In the instant case, Plaintiff Armstead fails to indicate his specific ailment and any specific treatment he has been denied. As noted above, Plaintiff at best can only demonstrate an occasional lapse in the administration of his medication. He has failed to satisfy the heavy burden placed on him.

Likewise, in *Couch v. Ahmed*, 2015 U.S. Dist. LEXIS 116552, No. 1:14-cv-751 (S.D. Ohio, Sept. 1, 2015), the court denied the inmate's claim seeking medical treatment. The court noted that a preliminary injunction should only be granted if the movant carries his burden of proving that the circumstances clearly demanded that the relief be granted. *Id*. at * 7, citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In denying the relief, the court noted that the Plaintiff had not provided *sufficient* evidence to show that there was a strong likelihood of success on the merits of his claim. *Id*. at * 8. As noted here, Plaintiff has provided to support his claim that he is being denied medical treatment.

A similar conclusion was reached by the court in *Davis v. Mohr*, 2016 U.S. Dist. LEXIS 33294, No. 2:15-cv-2739 (S.D. Ohio March 15, 2016), where the court noted that "irreparable injury is generally required to warrant injunctive relief." *Id*. at * 4, citing *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F.Supp.2d 853, 866 (S.D. Ohio 2008). The *Davis* court concluded that the plaintiff had failed to introduce sufficient evidence demonstrating irreparable harm. *Id*. at * 8. Here, it appears from the records that Plaintiff received the ordered medications on an on-going basis.

Finally, in *Rhinehart v. Scutt*, 509 Fed. Appx. 510 (6th Cir. 2013), the court held that the plaintiff failed to show that his medical condition, clearly identified as Hepatitis C and cirrhosis of the liver, would worsen without receiving injunctive relief. *Id*. at 514. As noted above, in the instant case it is not objectively possible to identify Plaintiff Armstead's prognosis. Plaintiff does not offer any medical opinion that the occasional omission of the prescribed medication will ultimately result in harm.

As demonstrated above, in order to obtain any injunctive relief, Plaintiff is required to demonstrate a likelihood of success on the merits. Courts have been reluctant to grant such relief

in the corrections setting absent sufficient proof of potential injury. In the instant case, Plaintiff failed to identify any medical diagnosis that the sporadic missed medication will result in harm. His claims of harm, unsupported by evidence, cannot suffice to sustain his burden. All these considerations mean that Plaintiff failed to carry forward his burden of demonstrating a likelihood of success on the merits.

### III. Conclusion

Plaintiff has a heavy burden to demonstrate any entitlement to injunctive relief. Plaintiff fails to sustain his burden and his motion for injunctive relief at this stage should be denied.

Respectfully submitted,

**RON O'BRIEN**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

/s/     Arthur J. Marziale, Jr.
Arthur J. Marziale, Jr. #0029764
Assistant Prosecuting Attorney
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
anarzuake@franklincountyohio.gov
(614) 525-3520
FAX (614) 525-6012

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was uploaded to the clerk's electronic filing system for service and also forwarded by regular U.S. mail, postage prepaid to Demarco Armstead, Franklin County Correctional Center, 370 S. Front Street, Columbus, Ohio 43215, this 16th day of December, 2019.

/s/     Arthur J. Marziale, Jr.
Arthur J. Marziale, Jr. #0029764
Assistant Prosecuting Attorney

0B263 - I61

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
### CRIMINAL DIVISION - GENERAL DIVISION

State of Ohio  
    Plaintiff,  
vs.  

Demarco Toby Armstead  
    Defendant.

Case No.: 19CR-1437  
Indictment for:  
Felonious Assault 2903.11 RC F2 1 count

## ENTRY OF GUILTY PLEA

I, Demarco Toby Armstead Defendant in the above-styled case, am being represented by Mr. Brandon Puckett legal counsel. My Constitutional and Statutory rights have been explained to me by my counsel. I have reviewed the facts and law of my case with my counsel. I now desire to withdraw my previously-entered general plea of "Not Guilty" and I now plead "Guilty" to

Attempted Felonious Assault, a third degree felony violation of 2923.02 RC as it relates to 2903.11 RC, this offense being a stipulated lesser included offense of Count One.

I understand that my guilty plea(s) to the crime(s) specified constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case. I further understand that by pleading "Guilty", I waive a number of important and substantial constitutional, statutory and procedural rights, which include, but are not limited to, the right to have a trial by jury, the right to confront witnesses against me, to have compulsory subpoena process for obtaining witnesses in my favor, to require the State to prove my guilt beyond a reasonable doubt on each crime herein charged at a trial at which I cannot be compelled to testify against myself, and to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests.

I understand the maximum prison term(s) for my offense(s) to be as follows:

36 months ODRC

I understand that the prosecution and defense jointly recommend to the Court the following sentence(s), which is/are not binding upon the Court:

There is no joint recommendation.

Place an X in the appropriate box(es)

I understand that mandatory prison term(s) is/are required for the following offenses and/or specifications and that I will not be eligible for community control sanctions, judicial release, or earned days of credit in relation to this/these term(s). ☐



EXHIBIT C-1

PAGE 1 OF 3      Rev. 19.9.3

Case No.: 19CR-1437

I understand that there is a presumption in favor of a prison term for the following offense(s): ☐

I understand that the Court may impose community control sanctions upon me. If I violate any condition of such community control sanctions, I understand that the Court may extend, up to five years, the time for which I am subject to community control sanctions, impose more restrictive sanctions, or imprison me for up to the maximum term(s) allowed for the corresponding offense(s) as set forth above. ☒

I understand that, for at least one of the offenses to which I am pleading guilty, I was ☐ was not ☒ on post-release control for a prior offense. For any offense I committed while on post-release control, I understand that the court can terminate the term of post-release control with no further sanctions, or the court may terminate the term of post-release control and either (1) in addition to any prison term imposed for the new felony, impose a consecutive prison term for the post-release control violation of either 12 months or the amount of time left on post-release control, whichever is greater, or (2) impose community control sanctions for the post-release control violation to be served concurrently or consecutively to any community control sanctions imposed for the new felony.

If the Court imposes a prison term, other than a term of life imprisonment, I understand that the following period(s) of post-release control is/are applicable:

**Place an X in the appropriate box(es)**

| | | | |
|---|---|---|---|
| F-1 | Five Years - Mandatory ☐ | F-3 Not Offense of Violence | Up to Three Years - Optional ☐ |
| Felony Sex Offense | Five Years - Mandatory ☐ | F-4 | Up to Three Years - Optional ☐ |
| F-2 | Three Years - Mandatory ☐ | F-5 | Up to Three Years - Optional ☐ |
| F-3 Offense of Violence | Three Years - Mandatory ☒ | Other: | ☐ |

I understand that the Adult Parole Authority will administer post-release control pursuant to R.C. 2967.28, and that any violation of a post-release control condition could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender or, with respect to a non-life felony indefinite prison term, one-half of the minimum prison term included as part of the stated non-life felony indefinite prison term originally imposed on the offender. I understand that if the violation of post-release control constitutes a felony, I may be prosecuted, convicted and sentenced on that new felony. The court in that new felony case may terminate post release control in this case with no further sanctions, or the court in that new felony case may terminate the term of post-release control in this case and either: (1) in addition to any prison term imposed for the new felony, impose a consecutive prison term for the post-release control violation of either 12 months or the amount of time left on post-release control, whichever is greater, or (2) impose community control sanctions for the post-release control violation to be served concurrently or consecutively to any community control sanctions imposed for the new felony.

I understand that each felony count to which I am pleading guilty corresponds with the following fine(s):

**Place an X in the appropriate box(es)**

| | | | |
|---|---|---|---|
| Aggravated Murder | Up to $25,000 ☐ | F-3 | Up to $10,000 ☒ |
| Murder | Up to $15,000 ☐ | F-4 | Up to $5,000 ☐ |
| F-1 | Up to $20,000 ☐ | F-5 | Up to $2,500 ☐ |
| F-2 | Up to $15,000 ☐ | Other: | ☐ |
| For F-1, F-2, or F-3 Drug Offenses - Mandatory Fine of at Least One-Half of the Maximum for Underlying Offense | | | ☐ |

Other Fines: _____

EXHIBIT C-2

Case No.: 19CR-1437

I understand that the Court may also require me to pay restitution, fines, and/or costs of all sanctions imposed upon me. I understand that the imposition of financial sanctions would constitute a civil judgment against me.

I understand that I am ☐ (am not ☒) subject to mandatory driver's license suspension for

I am ☒ (am not ☐) a citizen of the United States of America. I understand that, if I am not a citizen of the United States, my conviction of the offense(s) to which I am pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Other: _____

I understand that the Court upon acceptance of my plea(s) of "Guilty" may proceed with judgment and sentence. I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead "Guilty" as indicated above; my decision to plead "Guilty," thereby placing myself completely and without reservation of any kind upon the mercy of the Court with respect to punishment, represents the free and voluntary exercise of my own will and best judgment. I am completely satisfied with the legal representation and advice I have received from my counsel. I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction.

DEFENDANT: _____

I hereby certify that I have counseled my client to the best of my professional ability with respect to the facts and law of this case. I have also diligently investigated his/her cause and assertions and possible defenses. I represent my client is competent to proceed to change his/her plea(s), as indicated hereinabove, and, in my opinion, that he/she acts knowingly, voluntarily, and intelligently in such matter.

ATTORNEY FOR DEFENDANT: _____

The Court, being fully advised as to the facts, hereby accepts the defendant's plea(s) of "Guilty," entered hereinabove, as voluntarily and intelligently made, with full knowledge of the consequences thereof, including waivers of all applicable rights and defenses and understanding of maximum penalties. Upon recommendation of the Prosecuting Attorney, in consideration of said plea(s) of "Guilty," the Court hereby enters a Nolle Prosequi as to Count(s):

n/a

APPROVED:

_____
Donald Miller 0040648
Assistant Prosecuting Attorney

_____
Mr. Brandon Puckett
Attorney for the Defendant

JUDGE: _____

Date: 12/10/19

EXHIBIT C-3

THE STATE OF OHIO,

    PLAINTIFF,

    VS.                    19 CR 1437

DEMARCO T. ARMSTEAD,

    DEFENDANT.

CLERK OF COURTS — FILED COMMON PLEAS COURT FRANKLIN CO. OHIO — 2019 MAR 25 PM 2:16

\*\*\*\* WARRANT ON INDICTMENT - INFORMATION (RULE 9) \*\*\*\*
FORM XI

DEMARCO T. ARMSTEAD                        - S/R: M/B
TO JAIL                                                               - DOB:
                                                                           - SSN:

TO FRANKLIN COUNTY SHERIFF; (OFFICER AUTHORIZED TO EXECUTE A WARRANT)

AN ( ) INDICTMENT (X) INFORMATION, A COPY OF WHICH IS ATTACHED HERETO, HAS BEEN FILED IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS CHARGING

DEMARCO T. ARMSTEAD                                (DEFENDANT) WITH;

2903.11            F2    FELONIOUS ASSAULT

\*\*\* DESCRIBE THE OFFENSE(S) AND STATE THE NUMERICAL \*\*\*
     \*\*\* DESIGNATION OF THE APPLICABLE STATUTE \*\*\*
TOTAL   1 COUNTS.

YOU ARE ORDERED TO ARREST DEMARCO T. ARMSTEAD
AND BRING HIM BEFORE SAID COURT WITHOUT UNNECESSARY DELAY.

SPECIAL INSTRUCTIONS TO EXECUTING OFFICER: _____

_____

                                                                                         _/s/ A. Bryson_
                                                                                  DEPUTY CLERK,
                                                                                   COMMON PLEAS COURT
                                                                                    FRANKLIN COUNTY

(CTYQ07-C2

EXHIBIT C-4