# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEMARCO ARMSTEAD,

    Plaintiff,

  v.

    Civil Action 2:19-cv-4857
    Judge Sarah D. Morrison
    Magistrate Judge Kimberly A. Jolson

BALDWIN, et al.,

    Defendants.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Defendants' Motion for Extension of Time (Doc. 45) and Plaintiff's Motion to Amend Complaint (Doc. 29). For the foregoing reasons, Defendants' Motion for Extension of Time (Doc. 45) is **GRANTED in part** and **DENIED in part**. Further, it is **RECOMMENDED** that Plaintiff's Motion to Amend (Doc. 29) be **GRANTED in part** and **DENIED in part**.

**I.    Motion for Extension of Time (Doc. 45)**

First, Defendants Amanda Lyons, Cara Stefanko, and Deanna Jones request an extension of time to respond to Plaintiff's Emergency Ex Parte Motion for Restraining Order. (Doc. 45). Defendants represent that they did not receive Plaintiff's Motion until December 11, 2019, after the response deadline has already passed. (*Id*. at 1). Accordingly, they seek 21 days to respond to Plaintiff's Motion. As the Court noted in its Report and Recommendation, (Doc. 22), the allegations in Plaintiff's Motion for a Temporary Restraining Order regarding his life-sustaining medications, (*see* Doc. 6), are serious. Accordingly, Defendants' Motion for an Extension (Doc. 45) is **GRANTED in part** and **DENIED in part**. Defendants shall have until December 27, 2019, to respond to Plaintiff's Motion, giving them a total of sixteen (16) days to respond to Plaintiff's

1

allegations. In so responding, Defendants should be mindful of the Court's directive to the Franklin County Defendants (Doc. 33) regarding the type of response necessary to address Plaintiff's allegations.

## II. Plaintiff's Motion to Amend (Doc. 29)

### A. Plaintiff's Motion

Turning next to Plaintiff's Motion to Amend, (Doc. 29), Plaintiff seeks to add NaphCare, the contracted health provider for the Franklin County Correctional Centers, Deputy Z. Lewis, and the Franklin County Commissioners. (*See id.*). The Franklin County Defendants[1] filed a response stating that they oppose only the addition of the Franklin County Commissioners as a Defendant. (Doc. 43). Accordingly, the Undersigned will focus on only this proposed amendment.

### B. Standard

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Because Plaintiff timely moved to amend under the Court's scheduling order, (*see* Doc. 66), the Court considers Plaintiff's Motion under Fed. R. Civ. P. 15(a)(2). This rule encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

---

[1] The "Franklin County Defendants" refer to the following Defendants: Sheriff Dallas Baldwin; Major Bryant; Sgt. Shroder; Sgt. Probst; Chaplain Chambers; Dep Blade #1371; Sgt. Obrien; Cara Stafanko; Deputy Farnsworth; Deputy Blake; Deputy Fargus; Deputy Carmen; Deputy Holt; and Deputy See.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**C. Discussion**

Defendants assert that the County Commissioners should not be added as a Defendant because they "are not responsible under the Ohio Revised Code for the operations of the county correctional centers." (Doc. 45 at 3). The Undersigned agrees.

"Under Ohio law, the sheriff is in charge of the county jail and all person's confined therein." *Brown v. Voorhies*, No. CIV.A.2:07CV0013, 2008 WL 2397692, at *2 (S.D. Ohio June 10, 2008), *report and recommendation adopted*, No. 2:07-CV-0013, 2008 WL 3993893 (S.D. Ohio Aug. 21, 2008) (citing Ohio Rev. Code § 341.01). "The sheriff 'shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction.'" *Brown*, 2008 WL 2397692, at *2 (quoting Ohio Rev. Code § 341.01). And, "[t]he county commissioners have no duty to control the sheriff in keeping a jail safe, and the fact that Ohio Rev. Code § 307.01(A) designates the board of county commissioners as the agency to determine the necessity of jail construction does not mean that such board has any control over the operation of a county jail." *Brown*, 2008 WL 2397692, at *2 (citing *Saunders v. McFaul*, 593 N.E.2d 24, 28 (Ohio Ct. App. 1990)).

In light of Ohio law and supporting federal case law, the Court finds that allowing amendment to add the Franklin County Commissioners would be futile. *See Brown*, 2008 WL

2397692, at *2 (collecting cases dismissing prisoners' claims against the Franklin County Commissioners). As such, the Undersigned recommends denying this proposed amendment. *See* Fed. R. Civ. P. 15(a)(2).

**D. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion to Amend (Doc. 29) be **GRANTED in part** and **DENIED in part**. The Clerk is **DIRECTED** to add NaphCare and Deputy Z. Lewis as Defendants in this matter, and the United States Marshal is **DIRECTED** to serve NaphCare by certified mail a copy of the following: Plaintiff's Complaints and attached exhibits (Doc. 1-2–Doc. 1-22, Doc. 42); Plaintiff's Emergency Ex Parte Motion for Restraining Order (Doc. 6); the Undersigned's Report and Recommendation (Doc. 22); Plaintiff's Motion to Amend (Doc. 29); and a copy of this Report and Recommendation.

Plaintiff is **DIRECTED** to complete the attached summons form for Deputy Z. Lewis. Once it is returned, the United States Marshal is **DIRECTED** to serve the same documents on Defendant Deputy Z. Lewis.

Finally, Defendant NaphCare is **DIRECTED** to respond to Plaintiff's Emergency Ex Parte Motion for Restraining Order (Doc. 6) within 14 days of service.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: December 18, 2019                                        /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE