# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEMARCO ARMSTEAD,**

    **Plaintiff,**      :      Case No. 2:19-cv-4857

    **v.**      **Judge Sarah D. Morrison**
                                 **Magistrate Judge Kimberly A. Jolson**

**SHERIFF DALLAS BALDWIN,** *et al.***,**      :

    **Defendants.**

## OPINION AND ORDER

On March 20, 2020, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") and Order in this matter. (ECF No. 168.) On April 1, 2020, and April 6, 2020, Plaintiff Demarco Armstead filed objections to the R&R, in which he argued that his motions to strike and motions for sanctions should have been granted. (ECF Nos. 179, 185.) Mr. Armstead relitigates the same arguments that were before the Magistrate and that the Magistrate correctly rejected. Mr. Armstead's objections are **OVERRULED**. No other objections to the R&R have been filed. Accordingly, the Court will not review any of the other motions denied by the R&R and **ADOPTS** the Magistrate's analysis and conclusions.

In her R&R, the Magistrate also conducted a screen of Mr. Armstead's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that most of his claims be permitted to proceed. The Court agrees and **ADOPTS** this aspect of the R&R.

The Magistrate also recommended that two of Mr. Armstead's claims be dismissed—his claim for habeas relief and his claim asserting that the grievance system at the Franklin County Correctional Center ("FCCC") is inadequate. The Court agrees and **ADOPTS** this aspect of the R&R as well.

Finally, the Magistrate also recommended that Defendants Bryant, Farnsworth, and Lewis be dismissed as defendants. The Court agrees as to Defendants Bryant and Farnsworth and **ADOPTS** this aspect of the R&R. But the Court does not agree that Defendant Lewis should be dismissed.

The Magistrate asserts that Mr. Armstead has not made specific allegations of personal involvement by Defendant Lewis. (ECF No. 168, at 4.) This is not the case. Mr. Armstead amended his complaint to include an allegation that on May 5, 2019, Defendant Lewis entered Mr. Armstead's cell to remove his legal work and research and his property bin to "intentionally harass and hinder [his] legal action as a retaliatory measure . . . ." (ECF No 29, at 3.) The Magistrate previously allowed this amendment. (ECF No. 46.) As such, the Court finds this to be a sufficient claim for retaliation against Defendant Lewis. The Court **REJECTS** this aspect of the R&R. Mr. Armstead's claim against Defendant Lewis may proceed.

Mr. Armstead has also filed six additional motions that the Court now addresses. First, he requests that this Court delay issuing any decisions until the Court receives all of his submissions. (ECF No. 154.) This motion is **DENIED**. As far as the Court is aware, it has received everything that Mr. Armstead has sent. In any event, the Court does not make rulings until it has sufficient information to do so.

Second, Mr. Armstead has filed another motion to strike a document filed by Defendants. (ECF No. 156.) For the reasons stated by the Magistrate regarding Mr. Armstead's other motions to strike, (ECF No. 168, at 21–22), this motion is **DENIED**.

Third, Mr. Armstead has filed two motions to add Chief Perry as a defendant to Mr. Armstead's claims of retaliation and denial of access to the courts. (ECF Nos. 172, 173.) As explained by the Magistrate, specific facts alleging personal involvement are required for a claim

under § 1983. (ECF No. 168, at 3.) Mr. Armstead only makes one specific allegation with regard to Chief Perry. He alleges that Deputy Baker told him that Chief Perry has the law library laptop. This is not enough to sustain a claim of retaliation or denial of access to the courts, primarily because there is no allegation that Chief Perry is in possession of the laptop in order to deny Mr. Armstead access to the courts or to retaliate against him. These motions are **DENIED**.

Fifth, Mr. Armstead has moved to amend his Complaint to add a retaliation claim against Deputy Farnsworth and Deputy Blake. (ECF Nos. 188, 188-2.) Mr. Armstead has already notified the Court of this incident as a supplemental memorandum to one of his motions for a temporary restraining order. (ECF No. 34, at 1.) Mr. Armstead may pursue this claim against Deputy Blake; however, as explained by the Magistrate, Mr. Armstead makes no specific allegations against Deputy Farnsworth. He merely alleges Deputy Farnsworth's presence, which is not enough for liability. Thus, Mr. Armstead may not pursue this claim against Deputy Farnsworth. For the sake of clarity, to the extent that this claim has not already been added, this motion is **GRANTED IN PART AND DENIED IN PART**.[1]

Lastly, Mr. Armstead has filed a motion for in camera review of jail footage in order to support a motion for sanctions. (ECF Nos. 186, 187.) As Mr. Armstead has already been instructed by the Magistrate, he "may contest the accuracy of Defendants' records through discovery." (ECF No. 168, at 22.) For the reasons stated by the Magistrate, this motion is **DENIED** without prejudice. Mr. Armstead continues to file motions that he has already been warned are inappropriate to file at this point in the case. "Rule 11 requires only that factual contentions 'are likely to have evidentiary support after a reasonable opportunity for further

---

[1] Doc No. 188 is a Motion for Leave to Amend to add two separate claims, one relating to NaphCare and one relating to FCCC deputies. The Court deals with the claim relating to NaphCare in the next order. (ECF No. 191.)

investigation or discovery.'" *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 896 (6th Cir. 2020) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006)). Accordingly, the only appropriate time to file a motion for Rule 11 sanctions is *after* the conclusion of discovery.

Moreover, Mr. Armstead seeks to inappropriately use this Court to litigate each menial argument and every immaterial factual contention that Defendants represent to this Court. It is not this Court's job to arbitrate the truth of every statement made to the Court, and it is an excessive burden on this Court's time for Mr. Armstead to file a letter or a motion every time that Defendants say something with which he disagrees. Mr. Armstead should also note that it is difficult for the Court to pay attention to what appear to be legitimate concerns when he clogs up the docket and wastes the Court's time with frivolous and immaterial quibbles. As the Magistrate explained, Mr. Armstead will have an opportunity to conduct discovery as this case proceeds, and he will have the opportunity to move to sanction Defendants if he finds that they have violated the terms of Rule 11. That time is not now.

For the reasons stated above, the Court **OVERRULES** Mr. Armstead's objections and **ADOPTS IN PART AND REJECTS IN PART** the R&R. The Court also **GRANTS IN PART AND DENIES IN PART** Mr. Armstead's Motion to Amend. (ECF No. 188-1.) The Court **DENIES** Mr. Armstead's other motions specified above. (ECF No. 154, 156, 172, 173, 186.)

Finally, Mr. Armstead's excessive, repetitive, gratuitous filings require stronger action by this Court. The docket now consists of almost 200 entries in a span of less than twenty-three weeks, including six frivolous motions for default and summary judgment, (ECF Nos. 48, 49, 79, 80, 105, 106), four baseless motions for sanctions, (ECF Nos. 87, 95, 155, 186), and three

improper motions to strike, (ECF Nos. 65, 74, 156). Mr. Armstead has no right to abuse the judicial process and monopolize the Court's time, no matter the merits of his underlying claims.

The Court may, in its discretion, "impose prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). The proper method for dealing with such "prolific litigators" is to require that all filings require leave of court. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Mr. Armstead "has repeatedly filed meritless and duplicative" motions "that serve[] no legitimate purpose and place[] a tremendous burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases. This conduct evidences his bad faith and constitutes an abuse of the judicial process." *Easterling v. Rice*, No. CV 2:19-469-JMH, 2019 WL 1338712, at *4 (S.D. Ohio Mar. 25, 2019). Thus, the Court **ORDERS** that Mr. Armstead be required to seek leave of the Court before filing any further motions until he secures counsel. The Clerk is **DIRECTED** to strike any non-motion documents filed by Mr. Armstead promptly from the docket.

The Court also has the authority to "impose sanctions necessary and appropriate to deter" abusive conduct, including requiring a plaintiff to pay the other party's attorney's fees. *Easterling*, 2019 WL 1338712, at *4. Mr. Armstead should also be advised that Rule 11 equally applies to him, and he will be subject to sanctions if he continues to present pleadings "to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Fed. R. Civ. P. 11. Such strong medicine is not appropriate at this time but may be required in the future.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**