# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO ARMSTEAD, | : | |
| Plaintiff, | : | Case No. 2:19-cv-4857 |
| v. | : | Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |
| SHERIFF DALLAS BALDWIN, *et al.*, | : | |
| Defendants. | | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendants NaphCare, Inc. ("NaphCare"), Amanda Lyons, Cara Stefanko, and Deanna Jones. (ECF No. 53.) Plaintiff filed a Response (ECF No. 72), and Defendants filed a Reply (ECF No. 83). This matter is now ripe for consideration.

## I.   BACKGROUND

On November 4, 2019, Plaintiff Demarco Armstead filed a *pro se* Complaint asserting various medical claims against Defendants NaphCare, Amanda Lyons, Cara Stefanko, and Deanna Jones. (Compl. ECF No. 1-2.) Since filing his Complaint, Mr. Armstead has submitted hundreds of documents to this Court, which the Court considers to be part of the pleadings. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). Mr. Armstead has also made several amendments to his Complaint, many of which have been permitted by the Court. (ECF Nos. 46, 116, 168, 190.) One such amendment is the addition of Sandra Kane as a defendant, whom Mr. Armstead had previously sued as a Jane Doe. (ECF No. 168, at 18.) Because Ms. Kane is in a similar posture to Ms. Lyons, Ms. Stefanko and Ms. Jones, the Court assumes that

Defendants' Motion to Dismiss applies equally to Ms. Kane. These four individuals will be referred to collectively as the "Individual Defendants."

Mr. Armstead has been detained at Franklin County Correctional Center ("FCCC") since March 16, 2019. (Compl., ECF No. 1-2, at 1.) FCCC contracts with a private company, NaphCare, to provide medical care for its inmates. Ms. Lyons, Ms. Stefanko, and Ms. Jones are NaphCare employees, (*id.*), and Ms. Kane appears to be as well. All are nurses at FCCC. Ms. Lyons is the Assistant Health Services Administrator. (Pl. Resp. to Mot. to Dismiss, at 4, ECF No. 72.)

In his Complaint, Mr. Armstead identifies four areas in which he believes NaphCare has not provided him adequate care or sufficiently accommodated his health issues. The first is the administration of his HIV medication (the "HIV claim"). (ECF No. 1-2, at 1.) The Court detailed the facts of this claim in a previous order (the "February Order") and will not further detail them. (*See* ECF No. 116.) But in short, Mr. Armstead alleges that NaphCare's employees have inconsistently administered his HIV medication. (ECF No. 116, at 4–5.)

Second, Mr. Armstead alleges that NaphCare employees inadequately cared for a skin condition that he developed (the "skin condition claim"). (ECF No. 72, at 3.) Specifically, he alleges that Ms. Stefanko and Ms. Jones misdiagnosed his condition as a fungal infection and that they provided him with ineffective and harmful medications. (*Id.*) Mr. Armstead also alleges that NaphCare has refused to provide him with medical soap, even though he is allergic to the regular FCCC soap and is unable to purchase the medicated soap himself. (*Id.* at 7.)

Third, Mr. Armstead alleges that NaphCare has not provided him medication for his post-traumatic stress disorder ("PTSD") (the "PTSD claim"). (ECF No. 1-2, at 1.) Fourth, he alleges

2

that NaphCare has not accommodated his chronic pain stemming from bullets lodged in his body (the "chronic pain claim"). (*Id.*)

On December 10, 2019, Mr. Armstead pleaded guilty in the Court of Common Pleas of Franklin County to Attempted Felonious Assault; however, he has notified the trial judge that he intends to withdraw his guilty plea. *State of Ohio v. Armstead*, 19-CR-1437 (Ct. of Common Pleas of Franklin Cty., Ohio).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

On a motion to dismiss, the district court generally must look only to the pleadings, or else the motion is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d). But documents filed by a *pro se* plaintiff after the complaint will be considered "as part of the pleadings." *Brown*, 415 F. App'x at 613 (internal quotation marks omitted). A *pro se* plaintiff's pleadings are held to less stringent standards than those drafted by lawyers. *Id.*

### III. ANALYSIS

To begin with, the Court can dispose of a few of Defendants' arguments without detailed analysis. Defendants argue that Mr. Armstead has not satisfied the requirements of a particular provision of Ohio law (Section 2969.26(A) of the Ohio Revised Code), but this argument is inapt. Mr. Armstead has brought federal claims in federal court. Ohio law has no relevance here. Defendants also make various arguments that the Court has rejected in its February Order and will not revisit. The Court instead focuses on NaphCare's argument that Mr. Armstead's Eighth Amendment claims should be dismissed because he has not pleaded an applicable custom, policy, or practice of NaphCare and on the Individual Defendants' claim that dismissal is warranted because Mr. Armstead has not asserted facts demonstrating their individual liability.

The claims that Defendants seek to dismiss are Eighth Amendment claims brought pursuant to § 1983. The Court previously discussed the requirements for proving an Eighth Amendment claim in its February Order and will not retread that same ground. (*See* ECF No. 116, at 9–10.) A § 1983 claim cannot be premised on vicarious liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). In the case of a supervisor, a plaintiff must, at a minimum, show that the supervisor "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Regarding the Individual Defendants' liability, Mr. Armstead must identify

4

sufficient facts to establish a plausible claim that each of them acted with "deliberate indifference."

An entity cannot be held vicariously liable either. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Rather, in order to prove liability, a plaintiff must prove that it was the entity's policy or custom that caused the constitutional injury. *Id.* This requirement exists in order "to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability . . . is limited to actions for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 480. The same is true for a government contractor. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Thus, in order for NaphCare to be liable, it must be the case that a NaphCare policy or custom was the "moving force" behind a deprivation of Mr. Armstead's constitutional rights. *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012).

The Court now addresses the liability of NaphCare and the Individual Defendants in the context of each of Mr. Armstead's four medical claims—the HIV claim, the skin condition claim, the PTSD claim, and the chronic pain claim.

### A. HIV Claim

As was detailed in the Court's February Order, Mr. Armstead alleges that NaphCare has failed to administer his HIV medication every day. For example, Mr. Armstead alleges a "[f]ailure by Naphcare . . . to maintain life sustaining medication" on various dates. (ECF No. 29, at 2.) A fair implication from this statement is one of a custom of doing so. *Cf. Parsons*, 491 F. App'x at 609–10 (describing custom of how medications are ordered as potential basis for liability). Moreover, among the cases that Mr. Armstead cites in support of his claims is *Monell*.

(ECF No. 23, at 28.) The Court construes this as part of an attempt to plead the existence of a custom or policy. This is sufficient to survive a motion to dismiss.

Turning to the Individual Defendants, Mr. Armstead alleges that Amanda Lyons is responsible for ordering and maintaining the prison's medications. (ECF No. 72, at 4.) Lyons's alleged failure to maintain Mr. Armstead's HIV medication in stock is sufficient to allege a claim of deliberate indifference.

Mr. Armstead also alleges that Sandra Kane has failed to administer his medication on various occasions. (ECF No. 144, at 1.) An allegation of a medical professional's failure to administer HIV medication as prescribed is sufficient to allege a claim of deliberate indifference.

Mr. Armstead makes no allegations against Ms. Stefanko or Ms. Jones in the context of his HIV claim.

    **B.    Skin Condition Claim**

Mr. Armstead faults Ms. Stefanko and Ms. Jones for inadequately treating his skin condition. However, the facts that Mr. Armstead alleges do not rise to the level of deliberate indifference. Rather, taking the facts as true, Mr. Armstead alleges nothing more than negligence. For example, he alleges that Ms. Stefanko and Ms. Jones misdiagnosed his skin condition and provided him with incorrect medication. (ECF No. 72, at 3.) At most this pleads a claim for medical malpractice. But "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mr. Armstead makes no allegation that Ms. Stefanko or Ms. Jones knew of and disregarded a substantial risk to his health. Thus, his allegations fall short of pleading an Eighth Amendment claim.

Mr. Armstead also alleges that NaphCare has refused to provide him with medicated soap unless he is able to purchase it. (ECF No. 72, at 7.) A fair inference from this allegation is that this refusal is a matter of NaphCare custom. Mr. Armstead also attaches to his Complaint multiple sick call requests regarding his skin condition. (*See, e.g.*, ECF No. 83-2.[1]) These requests indicate that NaphCare was on notice of Mr. Armstead's skin condition but still refused to provide him with medicated soap. These allegations are sufficient to establish a deliberate indifference claim against NaphCare.

Mr. Armstead makes no allegations against Ms. Lyons or Ms. Kane in the context of his skin condition claim.

### C. PTSD Claim

Mr. Armstead's PTSD claim consists of a bare allegation without specifying the details of the alleged medicinal deprivation, including the who, when, or why. This bare allegation is not enough to survive a motion to dismiss.

### D. Chronic Pain Claim

Mr. Armstead makes general allegations about his chronic pain and Defendants' "failure to accommodate" his pain. However, he has not specified what accommodation he specifically requested, how Defendants failed to accommodate him, or who specifically refused to provide these accommodations. Nor does Mr. Armstead specifically support the contention that this alleged failure to accommodate constitutes deliberate indifference or explain whether this asserted failure to accommodate is due to a NaphCare policy.

---

[1] These sick call requests were originally attached to Mr. Armstead's Complaint. (ECF No. 23-3.) The Court cites to the more legible copies that Defendants have provided.

### E. Retaliation Claim

Mr. Armstead has also moved to amend his Complaint to add a retaliation claim against NaphCare for failing to pay his dermatological bill. (ECF Nos. 188, 188-3.) However, as explained above, a § 1983 claim can only be asserted against NaphCare based on a NaphCare custom, policy, or practice. This includes a retaliation claim. *See Johnson v. City of Wakefield*, 483 F. App'x 256, 258 (6th Cir. 2012). There is no allegation in the proposed amendment, or in any of the materials submitted by Mr. Armstead, that NaphCare's alleged failure to pay the bill is the result of a retaliatory custom, policy, or practice. The Motion for Leave to Amend is **DENIED IN PART**.[2]

### F. Claim Summary

In sum, Mr. Armstead has pleaded a valid claim for deliberate indifference on his HIV claim against NaphCare, Ms. Lyons, and Ms. Kane, as well as his skin condition claim against NaphCare. Only these claims against these defendants are sufficiently well-pleaded to survive a motion to dismiss.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss. Because the Court has decided Defendants' Motion to Dismiss, Plaintiff's Motion to Delay/Deny Ruling on the Motion to Dismiss (ECF No. 96) is **DENIED** as moot. Plaintiff's Motion for Leave to Amend (ECF No. 188) is **DENIED IN PART**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE**

---

[2] Doc No. 188 is a Motion for Leave to Amend to add two separate claims, one relating to NaphCare and one relating to FCCC deputies. The Court dealt with the claim relating to the FCCC deputies in a prior order. (ECF No. 190.)