IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEMARCO ARMSTEAD,**

    **Plaintiff,**                             :         Case No. 2:19-cv-4857

    **v.**                                           Judge Sarah D. Morrison
                                             Magistrate Judge Kimberly A. Jolson

**SHERIFF DALLAS BALDWIN,** *et al.***,**   :

    **Defendants.**

## ORDER

At issue here is a Report and Recommendation and Order from the Magistrate Judge (ECF No. 231) and Plaintiff Demarco Armstead's subsequent objections (ECF No. 245), as well as a series of outstanding motions filed by Mr. Armstead.

**I.**     **THE REPORT AND RECOMMENDATION**

On June 1, 2020, Magistrate Judge Jolson issued an R&R and Order in this matter that, as relevant here, recommended denying four of Mr. Armstead's motions (ECF Nos. 60, 61, 64, and 141) and ordered that eight of his motions (ECF Nos. 194, 202, 203, 208, 209, 217, 218, and 219) be denied. (ECF No. 231.) The Magistrate also changed the filing protocols by which Mr. Armstead was to abide. (*Id.* at 18–19.)

On June 8, 2020, Mr. Armstead filed objections to the R&R and Order, objecting to the denials or recommended denials of eleven of these motions and objecting to the new filing protocols. (ECF No. 245.) Mr. Armstead did not object to the Magistrate's recommended denial of one of his motions for a preliminary injunction (ECF No. 64). Accordingly, the Court **ADOPTS** the Magistrate's analysis and conclusions with respect to this motion, and the motion is **DENIED**. The Court will address each remaining motion in turn.

Mr. Armstead filed three motions for injunctive relief alleging that his access to the courts has been inhibited. (ECF Nos. 60, 61, and 141.) The Magistrate concluded that these motions should be denied for several reasons, including a lack of a showing of irreparable harm. (ECF No. 231, at 8–10.) Mr. Armstead responds that he has been injured by having state court appeals dismissed. (ECF No. 245, at 1–2.) However, to justify immediate injunctive relief, it is not enough for Mr. Armstead to point to allegations of past harms. Any past harms would be recompensable in the course of this litigation. A temporary restraining order ("TRO") or a preliminary injunction, however, can only be justified by *ongoing* harm. (*See* ECF No. 116, at 20.) Mr. Armstead points to no continuing harm resulting from his allegedly inhibited access to the courts that would justify a TRO or preliminary injunction. In fact, as the Magistrate points out, Mr. Armstead has continued to inundate this Court with motions, many of which cite legal research that demonstrates that the harm is not ongoing. (ECF No. 231, at 10.) These three motions are **DENIED**. The Report and Recommendation is **ADOPTED**.

That leaves Mr. Armstead's objections to the Magistrate's Orders denying eight of his motions. Mr. Armstead's objections are **OVERRULED**.

First, a Motion for Leave to File a Response to Defendant Naphcare's Filing of Drug Administration Records. (ECF No. 194.) Such a document is a notice to the Court and would not often require a response, so the bar for leave to file a response is a high one. Mr. Armstead objects that he sought to file this response to "seek[] clarification on the actual staff person . . . involved in the duties attributed to them in said declaration . . . ." (ECF No. 245, at 3.) Identifying the identities of individuals involved in conduct that is the basis for the litigation is a paradigmatic purpose of discovery. And as Mr. Armstead has repeatedly been told he is not to file discovery motions on the docket as a matter of course. A response to this filing is

2

unnecessary and inappropriate, and Mr. Armstead's objection to the Magistrate's decision is **OVERRULED**.

Second, a Motion for Leave to File a Motion Requiring Defendants to Submit Evidence. (ECF No. 203.) Mr. Armstead seeks an order, under the rule of completeness, forcing Defendants to produce seven years of records. Even assuming the rule of completeness applies here, the rule is far more particularized than Mr. Armstead construes to be. It only allows for the admission of a writing or recorded statement "that in fairness ought to be considered" at the same time as other writings or recorded statements. Fed. R. Evid. 106. That rule cannot possibly encompass seven years of records. Mr. Armstead's objection to the Magistrate's decision is **OVERRULED**.

Third, a Motion for Leave to File Exhibits. (ECF No. 208.) Mr. Armstead claims that he sought to file these exhibits to help substantiate his pleadings, and he points to Defendants' filing of exhibits in support of their pleadings. The difference is that Defendants have filed exhibits that are *relevant* to their pleadings and they *attach them to the pleadings to which they are relevant*. Mr. Armstead has filed random motions for leave to file exhibits unconnected to his pleadings. To the extent that Mr. Armstead seeks to support any future motions with exhibits, those exhibits 1) must be attached to the motion to which they relate and 2) must support the motion to which they are attached. Mr. Armstead's objection to the Magistrate's decision is **OVERRULED**. Any future requests to separately file exhibits apart from motions will be summarily denied.

Fourth, a Motion for Leave to File a Supplement to his request to reopen the TRO. (ECF No. 209.) The Court has exhaustively explained why a TRO is not appropriate in this case under the circumstances. There remains no ongoing harm. Mr. Armstead's objection to the Magistrate's decision is **OVERRULED**.

3

The remaining four motions are related and require some background. On April 22, 2020, Mr. Armstead filed a motion for leave to file additional claims (ECF No. 202) as well as two motions to add claims (ECF Nos. 210 and 211). Due to the volume of papers and Mr. Armstead's confusing habit of pairing his motions to leave with substantive motions, as well as the fact that these documents were mailed separately, it was not clear to the Clerk or this Court that the motion for leave in Document 202 applied to the motions to add claims in Documents 210 and 211. The Court thus struck Documents 210 and 211 to add claims for failure to seek leave to file them as required by the Court's previous order. (ECF No. 212.)

Mr. Armstead subsequently sought leave to renew the claims described in these two prior motions in three seemingly duplicative motions. (ECF Nos. 217, 218, and 219.) The Magistrate construed these subsequent motions as standalone motions to add claims and denied them on the grounds that they were insufficiently specific. (ECF No. 231, at 16-17.) The Magistrate denied Document 202 for the same reason. (*Id.*)  The Court agrees that these motions are themselves insufficient to support a motion to add claims, and for this reason, Mr. Armstead's objections are **OVERRULED**.

Nevertheless, it is apparent from these motions that Document 202 was in part a motion for leave to file Documents 210 and 211 and that these motions were erroneously denied for failure to comply with the Court's order rather than evaluated on their merits. Similarly, Document 202 was evaluated independently rather than in Mr. Armstead's intended context of Documents 210 and 211. Accordingly, the Magistrate's Order denying the Motion for Leave in Document 202 is **VACATED**, and the Court's order in Document 212 is **VACATED**. In line with the Magistrate's order staying the case schedule (ECF No. 247), the Motion for Leave in

Document 202 and the proposed claims in Documents 210 and 211 will be reviewed on their merits after mediation takes place, if it remains necessary to do so.

Finally, Mr. Armstead objects to the more stringent filing protocols that the Magistrate has put in place. In particular, he blames his repetitive motions on the voluminous record in this case. This is like the arsonist blaming the fire for burning his house down. It is Mr. Armstead's inability to exercise prudent judgment and discretion that has caused the docket to balloon to such an extent, and his complaints about the docket volume ring hollow. The Court has tried an incremental approach to try to stem the filing tide, but Mr. Armstead has demonstrated that he does not respond well to subtlety. The more stringent filing protocols put into place by the Magistrate are warranted. Even more stringent protocols and sanctions will be put in place in the future if Mr. Armstead continues his efforts to drown the Court in meritless filings. He would do well to heed the lesson that less is more. This objection is **OVERRULED**.

## II. OTHER MOTIONS

Also pending on the docket are other motions that the Court can now resolve.

A Motion for Leave to Request Oral Argument. (ECF No. 234.) Should Mr. Armstead seek oral argument on a motion, he should make that request *in the motion on which he seeks oral argument*, rather than in a separate motion. *See* S.D. Ohio Loc. R. 7.1(b)(2). Regardless, oral argument is not necessary to decide any of the pending motions. Mr. Armstead has adequately presented his arguments, and oral argument would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); S.D. Ohio Loc. R. 7.1(a). This motion is **DENIED**.

A Motion for Leave to File Objections. (ECF No. 235.) Mr. Armstead previously filed a Motion for Court to Certify Case as a Matter of Public Interest and Importance pursuant to 42 U.S.C. § 2000 a-3. (ECF No. 112.) The Magistrate denied this motion (ECF No. 227), and Mr.

Armstead seeks leave to file objections to this denial. Mr. Armstead misunderstands the statute. The statute contemplates a motion *by the Attorney General* to intervene, should the Attorney General wish to do so. *See* 42 U.S.C. § 2000a-3(a). Until the Attorney General wishes to intervene, there is nothing to be done in this regard. Mr. Armstead's request to allow the Attorney General to intervene seeks a solution to a problem that does not yet exist. The motion is **DENIED**.

Motion to File New Motion for TRO. (ECF No. 243.) Mr. Armstead continues to misunderstand the purpose of a TRO and the irreparable harm required for one to be granted. Mr. Armstead's allegations of past harms are properly dealt with in the normal course of this litigation. He does not allege irreparable ongoing harm. The Court has repeatedly dealt with this issue, it has repeatedly declined to issue a TRO, and the facts remain substantially unchanged. The motion is **DENIED**. For the same reason, Mr. Armstead's latest Motion for Emergency Injunctive Relief (ECF No. 264) also fails based on a failure to allege irreparable ongoing harm. The Motion is **DENIED**.

Motions to Admit Exhibits. (ECF Nos. 244, 252.) As was explained above, exhibits should be attached to the motions to which they pertain. They should not be filed separately. These motions are **DENIED**.

Motion for Leave to Admit Document 235 (ECF No. 255) and Documents 238-244 (ECF No. 257). The Magistrate erroneously struck these documents but later reversed that order. (ECF Nos. 246, 247.) That order is the basis for these motions, and since it was withdrawn, these motions are **DENIED** as moot.

Motion for Leave to File Motion to Withhold Consent to Magistrate. (ECF No. 256.) No motion is necessary in this regard because no consent exists until such consent is given; in other

words, consent is automatically withheld until it is granted. Mr. Armstead again seeks a solution in search of a problem. This motion is **DENIED**.

Motion for Leave to File Motion to Substitute. (ECF No. 260.) Mr. Armstead has sued Amanda Lyons in her individual and official capacities for alleged Eighth Amendment violations. Mr. Armstead now seeks to file a motion to substitute Olivia Shannon for Ms. Lyons with respect to his official capacity claim (while leaving Ms. Lyons as a defendant in her individual capacity). The Motion for Leave is **GRANTED** and the Motion to Substitute is **GRANTED**.

Motion for Leave to File Objection to Document 228. (ECF No. 261.) Mr. Armstead sought leave to file a reply to Defendants' Answer. (ECF No. 223.) The Magistrate denied leave because replies are generally not filed to an Answer. (ECF No. 228.) The Motion for Leave to File is **GRANTED**. However, the objection is **OVERRULED**. The Magistrate's order is correct. Mr. Armstead's statement that he "felt compelled to respond" is insufficient basis to file a reply. (ECF No. 261-1.) The Court has repeatedly made clear that he cannot and should not file a motion or other document every time he feels a compulsion to respond to any statement Defendants make.

Motion for Leave to File Objection to Document 229. (ECF No. 263.) This motion is **DENIED**. District court decisions are not subject to objection as are magistrate decisions. District court decisions are reviewable by the court of appeals at the conclusion of the litigation. This document also contains a "supplemental objection" to Document 231. These objections are more of the same objections that have been previously raised, and they are **OVERRULED**.

Finally, Mr. Armstead files a bundle of motions and documents from months ago that he says the Franklin County Correctional Center erroneously sent to the Ohio state courts instead of

this Court. (ECF No. 254.) The envelope that he provides reflects that. (*See* ECF No. 254-2, at 1.) Mr. Armstead asks for leave to file these motions, and he asks that they be treated as having been filed months ago and that they not be subject to this Court's more recent orders. (ECF Nos. 254, 254-1 at 1.) The motion for leave is **GRANTED** and the motion to treat these documents as having previously been filed is **GRANTED**. Mr. Armstead also asks that this Court order these documents stricken from the record in the state courts, that the documents be sealed in the state court record, and that the state court surrender the original documents. (ECF No. 254-1, at 2–4.) Those requests are **DENIED**. This Court has no authority over a state court's docket and has no power to strike, seal, or divest documents from the court of a separate sovereign.

Falling within the confines of this request are six separate motions. First, there is a motion for sanctions (ECF No. 254-2, at 2–6), which Mr. Armstead now withdraws (ECF No. 254-1, at 1). This motion is **DENIED** as moot.

Second is a Motion to Supplement Mr. Armstead's request for a TRO because Defendants did not check his viral load in the month of February, which he claims violated this Court's earlier order. (ECF No. 254-2, at 12–13.) This is incorrect. The Court ordered that Defendants test Mr. Armstead's "virus levels at least once per month." (ECF No. 116, at 25–26.) Defendants subsequently tested his viral levels thirty-one days after that order. (ECF No. 165-1.) The motion is **DENIED**.

Third, a Motion for Immediate Action based on missed Stribild doses from earlier this year. (ECF No. 254-2, at 14–19.) As was previously discussed in this Order, whatever harm may have previously existed is not ongoing. This motion is **DENIED** as moot.

Fourth, a Motion to Supplement/Clarify some of Mr. Armstead's asserted claims. (*Id.* at 20–26.) This motion is **DENIED**. A plaintiff's pleading burden is a light one. A plaintiff need

8

only plead "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). That is, Mr. Armstead need not add to his claims every fact that he might ultimately want to prove nor must he amend his claims every time another incident happens if that incident is already encompassed by the claims that he has pleaded. In later stages of this litigation, Mr. Armstead is entitled to use facts that are not in the Complaint if they are admissible in order to prove the allegations that *are* in the Complaint.

Fifth, a Motion to Admit Exhibits. (*Id.* at 30–31.) As was previously explained in this Order, motions of this kind will not be granted. This motion is **DENIED**.

Sixth, a Motion to Add a Defendant. Mr. Armstead seeks to add Chief Deputy Perry as a defendant in this action for conspiring to deny Mr. Armstead access to the law library laptop. (*Id.* at 7–11, 27–29.) Mr. Armstead previously sought to add Chief Perry as a defendant in this action. (ECF Nos. 172, 173.) The Court denied this motion on the grounds that Mr. Armstead's allegations relating to Chief Perry were too thin. (ECF No. 190, at 2–3.) Specifically, the Court found that Mr. Armstead had alleged that Chief Perry had the law library laptop but failed to connect Chief Perry's possession of the laptop with denying Mr. Armstead access to the courts. (*Id.*) It is now apparent that this paucity of factual allegations existed because some of Mr. Armstead's motion papers relating to Chief Perry were missing, a problem that was created by Mr. Armstead filing multiple different documents relating to Chief Perry's addition as a defendant rather than one motion with all relevant information.

Mr. Armstead now alleges that Chief Perry decided that because Mr. Armstead has a lawyer in his state criminal case, he does not require law library access. (ECF No. 254-2, at 7–8.) Mr. Armstead also alleges that Chief Perry deprived him of access to the law library "as a means to hinder [his] civil lawsuit." (*Id.*) Mr. Armstead's Motion to Add Chief Perry as a defendant is

9

**GRANTED**. The Clerk is **DIRECTED** to attach the necessary service documents to this Order, and Mr. Armstead is **DIRECTED** to serve Chief Perry within thirty days of the date of this Order.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
