UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEMARCO ARMSTEAD,**

    **Plaintiff,** :

  v.                                 Civil Action 2:19-cv-4857
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Kimberly A.
**SHERIFF DALLAS BALDWIN,**    Jolson
*et al.*,                               :

    **Defendants.**

## **OPINION AND ORDER**

In the nineteen months since he first brought this case, Plaintiff Demarco Armstead has zealously pursued his claims. Proceeding without assistance of counsel, Mr. Armstead's filings consistently express his sincere feelings of having been wronged. At a November 2020 mediation, Mr. Armstead had the opportunity to confront those he believed responsible for the wrongdoing against him. The mediation resulted in a settlement agreement, under which Mr. Armstead recovered an amount of money as compensation for his release of any remaining claims against the Defendants. (*See* ECF No. 316.) It has since become clear that Mr. Armstead hoped litigation would have allowed him some additional recovery—a pound of flesh. (*See* ECF No. 312.) Disappointing though it may be, civil litigation is not designed or intended to exact revenge. Nor should it be. For the reasons set

forth below, Mr. Armstead's case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

I.

On November 17, 2021, the Court received notice that this case settled during that day's Court-facilitated mediation. (*See* ECF No. 301.) Unfortunately, Mr. Armstead's mediation counsel subsequently informed the Court and Defendants that Mr. Armstead "changed his mind and no longer wishe[d] to settle the case." (*See* ECF No. 316, 3.)

The Defendants then filed motions to enforce the settlement agreement reached at mediation. (ECF Nos. 307, 309.) For his part, Mr. Armstead disputed that an enforceable agreement had been reached. (ECF No. 312.) On January 29, 2021, this Court found that "[a] valid and enforceable settlement agreement was formed at the November 17, 2020 mediation" and ordered the parties to perform in accordance with its terms. (ECF No. 316.) Mr. Armstead failed to comply with that order. Though he cashed the settlement check received from the Naphcare Defendants, Mr. Armstead refused to dismiss his claims against them. (ECF No. 324.) And, as to the County Defendants, Mr. Armstead refused to return paperwork necessary for the County to issue a settlement check in his name. (ECF No. 323.)

Magistrate Judge Jolson set the matter for a status conference on April 28, 2021. (ECF No. 325.) Mr. Armstead failed to appear. (*See* ECF No. 326.) Mr. Armstead responded to the Magistrate Judge's resulting show cause order, arguing that he did not receive notice of the status conference. (ECF No. 327.) Though it is

2

well-established that a litigant bears responsibility for updating his address on file with the Court (*see Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)), Mr. Armstead was given another opportunity. The Magistrate Judge held a second status conference on May 13, 2021. (ECF No. 328.) Although Mr. Armstead appeared, he continued to battle the Court's finding that he was party to a binding and enforceable settlement agreement under which, for consideration, he had agreed to dismiss this action.

Mr. Armstead filed an "emergency" motion for further proceedings on the validity and sufficiency of the settlement agreement. (ECF Nos. 329, 330, 331.) On May 18, 2021, the Court denied his motion and ordered Mr. Armstead to show cause why this action should not now be dismissed. (ECF No. 332.) The time for filing a response to the show cause order has passed, and Mr. Armstead filed none.

Under the present circumstances, the Court finds it is appropriate to dismiss this case for Mr. Armstead's failure to prosecute and for his continue failure to comply with the orders of this Court.

## II.

A district court has inherent authority to dismiss a plaintiff's action *sua sponte* because of his failure to prosecute, or for his failure to comply with the court's orders. *See* Fed. R. Civ. P. 41(b). *See also Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

3

supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and alterations omitted).

The Court of Appeals for the Sixth Circuit directs a district court to consider the following four factors in determining whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). *See also Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Mr. Armstead's continued refusal to comply with the orders of this Court "constitutes bad faith or contumacious conduct and justifies dismissal." *Steward*, 8 F. App'x at 296. Defendants are undeniably prejudiced by his repudiation of the settlement agreement negotiated and entered into during the November 17, 2020 mediation. The Magistrate Judge expressly warned Mr. Armstead that his failure to comply with the orders of this Court may result in dismissal of his case. (See ECF No. 326.) Finally, Mr. Armstead has been granted substantial opportunity to resolve his concerns in conversation with Defendants and the Court following mediation—

4

but he has consistently shown unwillingness to do so while abiding by the 'rules of the road.'

Accordingly, this case is **DISMISSED** pursuant to Rule 41(b). The Clerk is **DIRECTED** to **TERMINATE** this action from the docket of the United States District Court for the Southern District of Ohio.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
